(Reap. Dec. 10054)

INNOCENTI CORP. ET AL. *v.* UNITED STATES

Entry No. 36093, etc.

(Decided August 1, 1961)

*Siegel, Mandell & Davidson* for the plaintiffs.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in the schedule, attached to and made a part of this decision, present the question of the proper value for dutiable purposes of certain motorscooters.

The parties hereto have submitted the appeals for decision on a stipulation of fact which reads as follows:

That the merchandise covered by the appeals for reappraisement set forth in the Schedule attached hereto and made a part hereof consists of motorscooters, exported from Italy during 1959.

That at the times of export such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Italy for home consumption or for export to the United States nor was it freely offered for sale to all purchasers in the principal market of the United States for domestic consumption.

That "cost of production" as defined in Section 402a(f) of the Tariff Act of 1930 for such merchandise at the time immediately preceding the date of exportation was as follows:

For Model 125/LI—Lira 108,010.00
For Model 150/LI—Lira 121,375.00.

Upon the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91

Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the instant motorscooters and that said value is as follows:

For Model 125/LI—Lira 108,010.00
For Model 150/LI—Lira 121,375.00

As to all other merchandise, the appeals are dismissed.
   Judgment will be entered accordingly.